UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME C. GRAY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06CV01265 (RWR) |
| ) | |
| THE DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant District of Columbia ("the District"),[1] by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

The District states the following in response to the individually numbered paragraphs in the Complaint.

---

[1] Plaintiff has also named Sergeant Nacal Lawrence and Officer Latonya Falwell as Defendants in this action. Upon information and belief, neither Sergeant Lawrence nor Officer Falwell have been served.

**COMPLAINT**

In this section, Plaintiff lists the legal allegations explained more fully in each of the Counts below; therefore this section does not require a response.

**INTRODUCTION**

1. The District admits that Sergeant Nacal Lawrence[2] arrested the Plaintiff for disorderly conduct near the D.C. National Guard Armory on April 20, 2005. The District further admits that the Plaintiff was handcuffed at the time of arrest and subsequently detained at the Sixth District. At present, the District is without sufficient information or knowledge to admit or deny how long Plaintiff was "confined to a cell." The District denies the remaining allegations contained in paragraph one of the Complaint and demands strict proof thereof at trial.

2. The allegations asserted in paragraph two of the Complaint contain legal conclusions to which no response is required.

3. The District denies the allegations contained in paragraph three of the Complaint and demands strict proof thereof at trial.

**JURISDICTION**

4. The allegations asserted in paragraph four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

5. The District acknowledges the existence of the statutory provision cited in paragraph five of the Complaint but denies that jurisdiction over the subject matter is conferred. In addition, the District removed this action to the U.S. District Court for the District of Columbia (Case No. 1:06CV01265) on July 17, 2006. Pursuant to 28 U.S.C. § 1446(d), the District denies that the Superior Court has jurisdiction over this matter.

---

[2] The Complaint misspells Sergeant Nacal Lawrence's first name as "Nacel."

6. The District acknowledges the existence of the statutory provision cited in paragraph six of the Complaint but denies that jurisdiction is conferred. In addition, the District removed this action to the U.S. District Court for the District of Columbia (Case No. 1:06CV01265) on July 17, 2006. Pursuant to 28 U.S.C. § 1446(d), the District denies that the Superior Court has jurisdiction over this matter.

7. The District admits that it is a municipal corporation. The remainder of the allegations asserted in paragraph seven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

8. The District admits that Sergeant Lawrence is a male sergeant of the Metropolitan Police Department ("MPD") of Washington, D.C., assigned to the Sixth District, and at all times material to the claims in this action was duly appointed, employed, and acting within the scope of his employment with the MPD. The remainder of the allegations asserted in paragraph eight of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

9. The District admits that Officer Falwell is a female officer of the MPD, assigned to the Sixth District, and at all times material to the claims in this action was duly appointed, employed, and acting within the scope of her employment with the MPD. The remainder of the allegations asserted in paragraph nine of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

**FACTS**

10. The District admits that Sergeant Nacal Lawrence arrested the Plaintiff for disorderly conduct near the D.C. National Guard Armory on or around 7:45 p.m. on April 20, 2005. The District further admits that the Plaintiff was handcuffed at the time of arrest and subsequently detained at the Sixth District. At present, the District is without sufficient

information or knowledge to admit or deny how long Plaintiff was "confined to a cell." The remainder of the allegations asserted in paragraph ten of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

11. The allegations asserted in paragraph eleven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the District denies the allegations and demands strict proof thereof at trial.

12. The allegations asserted in paragraph twelve of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. To the extent a response is required, the District denies the allegations and demands strict proof thereof at trial.

13. The District admits that the Plaintiff was taken to the MPD Sixth District following his arrest. The District denies the remaining allegations contained in paragraph thirteen of the Complaint and demands strict proof thereof at trial.

14. The District admits that Sergeant Lawrence and Officer Falwell were working within the scope of their employment at all times material to the claims in this action. The remaining allegations asserted in paragraph fourteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

15. The allegations asserted in paragraph fifteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

16. The allegations asserted in paragraph sixteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a

response.    To the extent a response is required, the District denies the allegations and demands strict proof thereof at trial.

## COUNT I

### False Arrest and False Imprisonment

17.    The District incorporates by reference its responses to paragraphs 1-16 of the Complaint.

18.    The allegations asserted in paragraph eighteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## COUNT II

### Intentional and Negligent Infliction of Emotional Distress

19.    The District incorporates by reference its responses to paragraphs 1-18 of the Complaint.

20.    The allegations asserted in paragraph twenty of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## COUNT III

### Negligence

21.    The District incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22.    The allegations asserted in paragraph twenty-two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## COUNT IV

### Negligent Hiring, Training and Supervision

23. The District incorporates by reference its responses to paragraphs 1-22 of the Complaint.

24. The allegations asserted in paragraph twenty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## COUNT V

### Violations of Constitutional and Statutory Rights

25. The District incorporates by reference its responses to paragraphs 1-24 of the Complaint.

26. The allegations asserted in paragraph twenty-six of the Complaint are not directed at the District and therefore do not require a response.

### Third Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

### Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the Plaintiff assumed the risk of such injuries by his own willful conduct.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

## Sixth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

## Seventh Defense

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

## Eighth Defense

Plaintiff might have failed to mitigate any damages that he may have incurred.

## Ninth Defense

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

## Tenth Defense

Plaintiff's claim might be barred by the applicable statute of limitations.

## Eleventh Defense

All federal claims against the individual defendants are barred by the doctrine of qualified immunity.

## Twelfth Defense

Defendant is immune from the claims in this suit. Liability is barred by the doctrines of sovereign immunity, governmental immunity, privilege, and/or official immunity. Plaintiff lacks

capacity to bring this suit.  The actions of the Defendant were discretionary decisions for which there can be no liability.  Plaintiff's claims are barred by the public duty doctrine.

### Thirteenth Defense

Plaintiff's negligence claims are barred because Plaintiff has alleged only intentional conduct by Sergeant Lawrence and Officer Falwell.

### *Set-off*

The District asserts a set-off for all funds and services provided to the Plaintiff through Medicare, Medicaid, public assistance or other sources.

### JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, the District prays the Court dismiss the Complaint and award Defendant the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Nicole L. Lynch
        NICOLE L. LYNCH [471953]
        Chief, General Litigation Section II

        BY:   /s/ Rena Scheinkman
        RENA SCHEINKMAN [488861]
        Special Assistant Attorney General
        441 4th Street, N.W., Sixth Floor South
        Washington, D.C.  20001
        Phone:  (202) 724-6615
        Fax:  (202) 727-3625
        rena.scheinkman@dc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2006, I electronically filed the foregoing DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to James W. Pressler, Jr., attorney for Plaintiff.

James W. Pressler, Jr. [221051]
PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
riselliandpressler@yahoo.com

    /s/ Rena Scheinkman
RENA SCHEINKMAN
Special Assistant Attorney General