UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME C. GRAY )<br>)<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, *et al.* )<br>)<br>)<br>      Defendants. )<br>_____)  | Case No. 1:06CV01265 (RWR) |

## DEFENDANT OFFICER LATONYA FALWELL'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Officer Latonya Falwell ("Officer Falwell" or "Defendant"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter. Officer Falwell asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Officer Falwell states the following in response to the individually numbered paragraphs in the Complaint.

### COMPLAINT

In this section, the Plaintiff lists the legal allegations explained more fully in each of the Counts below; therefore this section does not require a response.

**INTRODUCTION**

1. Officer Falwell is without sufficient information or knowledge to admit or deny the factual allegations contained in paragraph one of the Complaint.

2. The allegations asserted in paragraph two of the Complaint contain legal conclusions to which no response is required.

3. Officer Falwell denies the allegations contained in paragraph three of the Complaint and demands strict proof thereof at trial.

**JURISDICTION**

4. The allegations asserted in paragraph four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

5. Officer Falwell acknowledges the existence of the statutory provision cited in paragraph five of the Complaint but denies that jurisdiction over the subject matter is conferred. Defendant District of Columbia removed this action to the U.S. District Court for the District of Columbia (Case No. 1:06CV01265) on July 17, 2006. Pursuant to 28 U.S.C. § 1446(d), Officer Falwell denies that the Superior Court has jurisdiction over this matter.

6. Officer Falwell acknowledges the existence of the statutory provision cited in paragraph six of the Complaint but denies that jurisdiction is conferred. Defendant District of Columbia removed this action to the U.S. District Court for the District of Columbia (Case No. 1:06CV01265) on July 17, 2006. Pursuant to 28 U.S.C. § 1446(d), Officer Falwell denies that the Superior Court has jurisdiction over this matter.

7. The allegations asserted in paragraph seven of the Complaint are not directed at this Defendant and therefore no response is required. To the extent a response is required, Officer Falwell is without sufficient information or knowledge to admit or deny the factual allegations contained in paragraph seven of the Complaint.

8.      The allegations asserted in paragraph eight of the Complaint are not directed at this Defendant, and therefore no response is required.

9.      Officer Falwell admits that she is a female officer of the Metropolitan Police Department ("MPD") of Washington, D.C., assigned to the Sixth District, and at all times material to the claims in this action was duly appointed, employed, and acting within the scope of her employment with the MPD.  The remainder of the allegations asserted in paragraph nine of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## FACTS

10.     Officer Falwell is without sufficient information or knowledge to admit or deny the factual allegations contained in paragraph ten of the Complaint.

11.     The allegations asserted in paragraph eleven of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.  In addition, the allegations asserted in paragraph eleven of the Complaint are not directed at this Defendant, and therefore no response is required.   .

12.     The allegations asserted in paragraph twelve of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.  In addition, the allegations asserted in paragraph twelve of the Complaint are not directed at this Defendant, and therefore no response is required.

13.     Officer Falwell admits that the Plaintiff was taken to the MPD Sixth District following his arrest.  Officer Falwell denies the remaining allegations contained in paragraph thirteen of the Complaint and demands strict proof thereof at trial.

14. The allegations asserted in paragraph fourteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

15. The allegations asserted in paragraph fifteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

16. The allegations asserted in paragraph sixteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. Moreover, the allegations asserted in paragraph sixteen of the Complaint are not directed at this Defendant and therefore no response is required. To the extent a response is required, Officer Falwell denies the allegations and demands strict proof thereof at trial.

## COUNT I

### False Arrest and False Imprisonment

17. Officer Falwell incorporates by reference its responses to paragraphs 1-16 of the Complaint.

18. The allegations asserted in paragraph eighteen of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## COUNT II

### Intentional and Negligent Infliction of Emotional Distress

19. Officer Falwell incorporates by reference its responses to paragraphs 1-18 of the Complaint.

20. The allegations asserted in paragraph twenty of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

4

## COUNT III

### Negligence

21. Officer Falwell incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22. The allegations asserted in paragraph twenty-two of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

## COUNT IV

### Negligent Hiring, Training and Supervision

23. Officer Falwell incorporates by reference its responses to paragraphs 1-22 of the Complaint and further states that the allegations asserted in Count IV of the Complaint pertain solely to Defendant District of Columbia, and therefore no response is required.

24. The allegations asserted in paragraph twenty-four of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response. Moreover, the allegations asserted in Count IV of the Complaint pertain solely to Defendant District of Columbia, and therefore no response is required.

## COUNT V

### Violations of Constitutional and Statutory Rights

25. Officer Falwell incorporates by reference its responses to paragraphs 1-24 of the Complaint.

26. The allegations asserted in paragraph twenty-six of the Complaint are a statement of the pleader and represent the legal conclusions of the pleader, and as such do not require a response.

### Third Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the Plaintiff's own willful conduct.

### Fourth Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the Plaintiff assumed the risk of such injuries by his own willful conduct.

### Fifth Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the Plaintiff's own contributory negligence.

### Sixth Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than Officer Falwell.

### Seventh Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than Officer Falwell.

### Eighth Defense

All actions performed by Officer Falwell met or exceeded the applicable standard of care.

### Ninth Defense

The Plaintiff might have failed to mitigate any damages that he may have incurred.

### Tenth Defense

The Plaintiff's claim might be barred by the applicable statute of limitations.

### Eleventh Defense

All federal claims against Officer Falwell are barred by the doctrine of qualified immunity.

### Twelfth Defense

The Plaintiff's claims are barred by the public duty doctrine.

### Thirteenth Defense

The Plaintiff's negligence claim is barred because the Plaintiff has alleged only intentional conduct by Officer Falwell.

### JURY DEMAND

Defendant hereby demands a trial by jury.

WHEREFORE, Defendant Officer Falwell prays the Court dismiss the Complaint with prejudice and award Officer Falwell the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

DATED:  September 5, 2006

          Respectfully submitted,


          ROBERT J. SPAGNOLETTI
          Attorney General for the District of Columbia


          GEORGE C. VALENTINE
          Deputy Attorney General
          Civil Litigation Division

             /s/ Nicole L. Lynch
          NICOLE L. LYNCH [471953]
          Chief, General Litigation Section II


          BY:    /s/ Rena Scheinkman
          RENA SCHEINKMAN [488861]
          Special Assistant Attorney General
          441 4th Street, N.W., Sixth Floor South
          Washington, D.C.  20001
          Phone:  (202) 724-6615
          Fax:  (202) 727-3625
          rena.scheinkman@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2006, I electronically filed the foregoing DEFENDANT OFFICER LATONYA FALWELL'S ANSWER TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to James W. Pressler, Jr., attorney for the Plaintiff.


James W. Pressler, Jr. [221051]
PRESSLER & SENFTLE, P.C.
Three McPherson Square
927 15th Street, N.W.
12th Floor
Washington, D.C. 20005
riselliandpressler@yahoo.com


          /s/ Rena Scheinkman
RENA SCHEINKMAN
Special Assistant Attorney General