IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **JEROME C. GRAY** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Case No. 1:06CV01265 (RWR) |
| **THE DISTRICT OF COLUMBIA,** *et al.* : | |
| : | |
| Defendants. : | |
| : | |

### REPORT OF THE PARTIES' CONFERENCE UNDER LCvR 16.3

On October 10, 2006, counsel for the Plaintiff and Defendant District of Columbia, Nacal Lawrence, and Latonya Falwell conferred and discussed the matters set forth in LCvR 16.3. The numbered paragraphs below correspond to those in LCvR 16.3 and reflect the agreements reached by the parties.

1. The parties will be in a position to evaluate whether dispositive motions will appropriate upon completion of discovery.

2. The parties do not anticipate the joinder of any new parties or amendment of pleadings.

3. The case may be assigned to a magistrate judge for the purpose of mediation only.

4. The parties cannot evaluate the possibility of settlement until the completion of discovery.

5. The case may benefit from alternate dispute resolution in the form of mediation after completion of discovery.

6. The parties do not contemplate filing motions to dismiss, but defendants

believe that motions for summary judgment may be appropriate following the close of discovery. The parties agree that any dispostive motion shall be filed with in 45 days after the close of discovery. The parties further agree that the time for filing oppositions and replies shall be governed by the local rules.

7. The parties stipulate that the initial disclosure pursuant to Rule 26(a)(1) will be made on or before January 5, 2007.

8. The parties anticipate that discovery should take 240 days including interrogatories, requests for production of documents, requests for admissions, and depositions (including expert depositions). At this time the parties agree that each side will be limited to 30 interrogatories and 5 depositions. The parties further agree that written discovery should be exchanged within 45 days of the exchange of initial disclosures.

9. Plaintiff will provide Rule 26(a)(2) information at least 90 days before the completion of discovery, and defendant will provide the information at least 60 days before the completion of discovery.

10. Not applicable.

11. Trial and/or discovery should not be bifurcated or managed in phases.

12. The pretrial conference should be scheduled for 30 days after a decision on any post-discovery dispositive motions. If no dispositive motions are filed, the pretrial conference should be set 60 days after the close of discovery.

13. The Court should set the trial date at the pretrial conference for 30 to 60 days after the conference.

14. None. A proposed scheduling order is attached.

**Plaintiff's Brief Statement of the Case and Statutory Basis**

On April 20, 2005, the Plaintiff was lawfully standing in front of the D.C.

National Guard Armory, 2001 East Capitol Street, SE, in Washington, D.C., when he was arrested for disorderly conduct by Defendant Nacel Lawrence of the Metropolitan Police Department for no apparent reason.  The Plaintiff was physically handcuffed and subsequently held and detained, including being confined to a cell for more than five hours.  Defendant Latonya Falwell failed to timely process the Plaintiff which resulted in an unnecessarily long detention and incarceration by the Metropolitan Police Department.  The Defendant District of Columbia is responsible for the conduct of Defendants Lawrence and Falwell under the theory of <u>respondeat superior</u>.  Plaintiff has brought an action for negligence, false arrest, false imprisonment, intentional and negligent infliction of emotional distress, negligent training and supervision, and deprivation of civil rights.

This action arises under the laws of the District of Columbia, the United States Constitution, particularly under provisions of the Fourth, Fifth, Sixth, and Fourteenth Amendments, and the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, guaranteeing the Plaintiff to be free from unreasonable searches and seizures and from unreasonable force and violence without due process of law.

## **Defendant's Statement of the Case and Statutory Basis**

The Defendants deny all allegations of wrongdoing from acts of commission or omission.  The Defendants do not believe that they have violated any laws, or are liable for misconduct.  By reference here, Defendants reassert the defenses detailed in their Answers to Plaintiff's Complaint.

Respectfully submitted,

_____
James W. Pressler, Jr., #221051
Patrick G. Senftle #412191

PRESSLER & SENFTLE, P.C.
Three McPherson Square

927 15th Street, N.W.
Twelfth Floor
Washington, D.C. 20005
(202) 822-8384

ATTORNEYS FOR PLAINTIFF


ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____
NICOLE L. LYNCH [471953]
Chief, Section II
General Litigation Division


_____
BY:   RENA SCHEINKMAN [488861]
Special Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington, D.C. 20001
(202) 442-9866

ATTORNEY FOR DEFENDANTS