UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME C. GRAY,

    Plaintiff,

v.

THE DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

C.A. No.: 06-01265 (TFH)

### DEFENDANTS LATONYA FALWELL, NACEL LAWRENCE AND THE DISTRICT OF COLUMBIA,'S STATEMENT OF MATERIAL FACTS WHICH ARE NOT IN DISPUTE

Defendants Latonya Falwell, Nacel Lawrence, and the District of Columbia, by and through counsel, hereby submit that the following material facts are not in dispute:

1. Plaintiff testified that he was sitting on the Jersey barricade in front of the D.C. armory, when he saw defendant Lawrence parking his vehicle within five feet of where the plaintiff was sitting. Gray dep. at 55:15-22 and 56:1-2.

2. Plaintiff testified that defendant Lawrence and Ann Young, a vendor, met right in front of him, and he overheard Ann Young asking defendant Lawrence why the vendors couldn't sell the hats with the W on it. Gray dep. at 56:10-18, 57:1-3.

3. Plaintiff testified that defendant Lawrence told Ann Young that they couldn't sell the hats unless it had an official tag on it. Gray dep. at 57:5-6.

4. Plaintiff testified that he interjected himself in the conversation between defendant Lawrence and the vendors by saying to defendant Lawrence: "Sir, that's not correct. These are licensed vendors and these are licensed spaces." Gray dep. at 65:17-19.

5.  Plaintiff testified that defendant Lawrence asked him who he was and he responded a citizen "exercising my First Amendment right, freedom of speech." Gray dep. at 65:20-22 and 66:1-2.

6.  Plaintiff testified that defendant Lawrence told him to leave the area to what the plaintiff responded "Sir, I haven't violated any laws, I'm just voicing my opinion" and "again" he told defendant Lawrence "[t]hat is not correct." Gray dep. at 66:3-20.

7.  Plaintiff testified that without responding to defendant Lawrence's request that he identify himself he "turned away from him" and was then placed under arrest. Gray dep. at 66:8-22, 67:1-22 and 68:1-14.

8.  Plaintiff testified that defendant Lawrence told him he was being arrested for "interfering with our investigation." *Id*.

9.  Defendant Lawrence testified that he approached two females "to investigate whether or not they were selling licensed Nationals merchandise." *See* Lawrence dep. at 22:12-20, hereto attached as Exhibit 2.

10. Defendant Lawrence further testified that his role on the day of the incident included preventing illegal vending. *See* Lawrence dep. at 22:12-20 .

11. Defendant Lawrence believed that plaintiff was interfering with his investigation. Lawrence dep. at 36:8-11.

12. Defendant Lawrence testified that plaintiff told the women that they "didn't have to say anything" to him, and that Defendant Lawrence didn't know what he was talking about. Lawrence dep. at 46:16-22 and 47:1-2.

13. Defendant Lawrence testified that he noticed that pedestrian traffic in the area "was slowing" behind him and a crowd was forming around him and the group of vendors. Lawrence dep. at 54: 8-13.

14. Defendant Lawrence testified that he asked plaintiff for identification because he believed he was acting "irrational," "loud" and "boisterous." Lawrence dep. at 56: 1-7, 57:5-22 and 58-1.

15. Defendant Lawrence testified that he asked the plaintiff to identify himself but he refused to do so. Lawrence dep. at 57:15-22 and 56:1.

16. Defendant Lawrence placed plaintiff under arrest and charged him for disorderly conduct. Lawrence dep. at 58:13-22 and 59:1-5.

17. Plaintiff testified that he was arrested by defendant Lawrence, and that he arrived at the police station at approximately 7:30 p.m. Gray dep. at 82:22 and 83:1-12.

18. Plaintiff testified that his first encounter with defendant Falwell was at "approximately nine o'clock, nine or ten when they change the shift" at the station. Gray dep. at 83:14-22.

19. Plaintiff testified that defendant Falwell came to the cell and asked him if he could walk, and did he want to go to court. Gray dep. at 83:14-22 and 84:1-2.

20. Plaintiff testified that defendant Falwell told him "You don't tell us what you want done." *Id.*

21. Plaintiff testified that defendant Falwell was not present during the arrest and that she did not touch him at any time during the incident. Gray dep. at 106:21-22 and 107:1-5

22. Plaintiff did not name an expert to establish the applicable standard of care in hiring, training and supervising police officers as well as any deviation thereof by the District of Columbia. See docketing.

23. Plaintiff was unemployed at the time of the subject incident, and had not worked since 1994. Gray dep. at 11:22-12:7.

24. Plaintiff did not seek medical or physical treatment for his alleged injuries, and thus would have no medical bills to present to a jury for consideration. *See* Gray dep. 33:18-22 and 34: 1-7.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/ Leticia L. Valdes
        LETICIA L. VALDES [0461327]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9845; (202) 727-6295
        E-mail: Leticia.valdes@dc.gov