IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEROME GRAY, | * |
| Plaintiff, | * |
| vs. | *   Civil Action No. 06-01265 (TFH) |
| | * |
| THE DISTRICT OF COLUMBIA, et al., | |
| | * |
| Defendants. | * |

**PLAINTIFF'S  MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
 AMENDED MOTION FOR SUMMARY JUDGMENT**

Comes now the plaintiff, by and through counsel, and hereby submits his opposition to defendants' amended motion for summary judgment insofar as it pertains to the District of Columbia, Sgt. Nacel Lawrence and Counts I, IV (negligent supervision) and V.  As undersigned counsel previously informed counsel for the defendants, plaintiff is not pursuing any claim against Officer Latonya Falwell, any claim based upon negligence other than negligent supervision, and any claim based upon the intentional infliction of emotion distress.  In other words, plaintiff consents to the dismissal of Counts II and III of the complaint and all claims against Officer Latonya Falwell.

**Statement of Material Facts**

The plaintiff, Jerome C. Gray, is a retired Metropolitan Police Department Sergeant who served 26 years.  At the time of his retirement the plaintiff was the vending coordinator for the Metropolitan Police Department.  In that position, he was responsible for enforcing the vending regulations throughout the District of Columbia.  Exhibit 1 (Deposition of Jerome C. Gray) at 12.

On April 20, 2005, the plaintiff was lawfully standing in front of the D.C. National Guard

Armory when he was arrested for disorderly conduct by defendant Nacel Lawrence of the Metropolitan Police Department. At no time prior to his arrest did the plaintiff engage in any conduct that could be considered disorderly or otherwise unlawful nor could any reasonable officer have concluded otherwise. Based upon the plaintiff's unlawful arrest made without probable cause and his unlawful imprisonment and because of the entirely deficient and negligent supervision of defendant Lawrence by the District of Columbia, the plaintiff maintains this action.

## Argument

### 1. Statement of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It has been consistently ruled by the courts that the moving party bears the burden of demonstrating the absence of any genuine issue of material facts. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *Richardson v. National Rifle Association*, 871 F. Supp. 499 (D.D.C. 1994). Thus, the moving parties are entitled to a summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issues of material fact and that the moving parties is entitled to judgment as a matter of law. *Id.*

As all inferences drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party, the defendants' burden is substantial. *Washington Post Co. v. U.S. Dept. of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). As noted by the Court in *Washington Post*, *supra* at 325,

Summary judgment is appropriate only in circumstances where "the evidence is such

> that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. ed 2d. 202, 106 S. Ct. 2505 (1986). In deciding a motion for summary judgment, the district court is obligated to view the available evidence in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 26 L. ed. 2d 142, 90 S. Ct. 1598 (1970); *Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. v. Newcomb Securities Co.*, 243 U.S. App. D.C. 43, 751 F.2d 1262, 1263 (D.C. Cir. 1985) ("Any doubt is to be resolved against the moving party.") The Supreme Court has recently made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. If a genuine dispute does exist over a material issue, then parties should be given the opportunity to present direct evidence and cross-examine the evidence of their opponents in an adversarial setting.

The Court in *Ross v. Communication Satellite Corp*, 759 F.2d 355 (4th Cir. 1985), went on to further state:

> Care is required in deciding whether the evidence presents a genuine issue of motive, for "summary judgment is seldom appropriate in cases wherein particular states of mind are decisive as elements of [a] claim or defense." *Charbonnages de France v. Smith*, 597 F.2d at 414. Resolution of questions of intent often depends upon "the credibility of the witnesses, which can best be determined by the trier of facts after observation of the demeanor of the witnesses during direct and cross-examination." *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979). *Ross*, *supra* at 364-65.

Similarly, in the District of Columbia it has been held that a motion for summary judgment is only properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits in a proceeding, all show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Super. Ct. Civ. R. 56( c). See also *Byrd v. Allstate Ins. Co.*, 622 A.2d 691, 693 (D.C. App. 1993); *Bolle v. Hume*, 619 A.2d 1192, 1195 (D.C. App. 1993).

### 2.     Plaintiff Is Not Seeking To Advance An Action Against Latonya Falwell

As noted previously, the plaintiff is not seeking to advance an action against defendant

Falwell and therefore consents to this Court dismissing any and all claims with respect to her.

### 3. Defendant Lawrence Obviously Had No Probable Cause To Arrest The Plaintiff And Therefore He Is Not Entitled To Summary Judgment

Officer Lawrence contends that he is entitled to qualified immunity with respect to the arrest of the plaintiff. The following facts refute that position.

**From the deposition of Brenda Sayles:**

• Officer Lawrence appeared intoxicated and she could smell alcohol on his breath. Exhibit 2 at 113-117.

• She was surprised to learn that the plaintiff had been arrested for disorderly conduct because at no time was he disorderly - - he never yelled, raised his voice nor acted out. The plaintiff never screamed, shouted, or used obscenities. No crowd ever gathered because of the plaintiff. *Id*. at 118-122.

**From the deposition of Plaintiff Jerome C. Gray:**

• When defendant Lawrence told the vendors that they could not sell merchandise in front of the Armory, he said to Lawrence "Sir, that's not not correct. These are licensed vendors and these are licensed spaces." Exhibit 1 at 65.

• When defendant Lawrence asked who he was, plaintiff responded that he was just a private citizen exercising his First Amendment Right of freedom of speech. *Id.* at 66.

• Plaintiff was then told by defendant Lawrence that he had to leave the area, the plaintiff responded by telling defendant Lawrence "Sir, I haven't violated any law, I'm just voicing my opinion." *Id* at 66.

• Even though he was talking politely and giving defendant Lawrence all the respect in the

world, plaintiff decided that "this sergeant is out of control. He does not know the vending regulations." Therefore, "I stood up from the wall looked the sergeant straight in the eye, I said, "Sir am I under arrest?" *Id*. at 67.

• Defendant Lawrence did not say anything . . . "I walked - - I turned away from him after he didn't - - I gave him time. I gave him a chance to answer. I looked him dead in the eye, I said, "Sir, and I under arrest?" He didn't say nothing. I proceeded to my right to walk away. He then threw against the Jersey barricade, put the handcuffs on me. I didn't resist, and the first thing he said, out of his mouth is that "Now I'll find out who you are." I responded, I said, "Sir why are you placing me under arrest?" "You're interfering with our investigation." And I said, "Sir, what investigation?" *Id*. at 67-68.

**From the deposition of Defendant Lawrence:**

• He arrested the plaintiff when he failed to produce ID. Exhibit 3 at 58.

• He did not go to the U.S. Attorney's Office to paper the case against the plaintiff. *Id*. at 62.

• He never presented the case for papering. *Id*. at 65.

• He was terminated for conduct unbecoming an officer in or around 1997. Exhibit 3 at 12-13.

• This punishment was eventually determined to be too harsh - - he was reinstated and demoted to an officer. *Id*. at 13-14.

• He was again promoted to Sergeant in 2004. *Id*. at 15.

• He did not receive any training for his role at RFK Stadium. *Id.* at 20.

• Plaintiff obstructed people from getting to the game. *Id*. at 60.

- Plaintiff did nothing else that would be disorderly. *Id*. at 62.

These are but some of the facts weighing against summary judgment on the issue of plaintiff's false arrest. There are simply no undisputed facts indicating that probable cause existed for plaintiff's arrest on any charges. The testimony of the plaintiff and Brenda Sayles clearly establishes that the plaintiff was not disorderly. Similarly, there are no undisputed facts that support the suggestion that probable cause existed for plaintiff's arrest for allegedly violating D.C. Code § 22-405.

The plaintiff, who is the former vendor coordinator for the Metropolitan Police Department, merely told defendant Lawrence that his contention that vendors had to go to 18th Street and East Capitol to sell items was not correct. He did not interfere with the defendant. Exhibit 1 at 66. In fact, the plaintiff was not arrested until he attempted to walk away from defendant Lawrence. *Id.* at 67-68.

Significantly, defendant Lawrence knew that his arrest of the plaintiff was bogus and it was for that reason that he never sought to paper the case and have charges officially brought against the plaintiff. Exhibit 3 at 65. And if this were not enough, defendant Lawrence had been drinking and appeared to be intoxicated at the time he arrested the plaintiff. Exhibit 2 at 113-117. It is somewhat axiomatic that a drunk police officer, who is on duty and attempting to arrest a former police officer, fits the bill of that officer who that the Supreme Court has determined is plainly incompetent or knowingly violates the law who is not entitled to the protection of qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). No Court has ever held that an on duty, intoxicated police officer is entitled to qualified immunity when taking police action, and no basis exists for the Court to adopt such a position in this case.

**4.      Plaintiff's Claim of Negligent Supervision May Clearly Be Maintained**

The defendants assert that plaintiff's claims for negligent supervision cannot be maintained because he has not named an expert to testify. The District has repeatedly made this argument and the D.C. Circuit has made clear that this is not the law in the District of Columbia.

> To the contrary, the rule is that "proof of a deviation from the applicable standard of care need not include expert testimony where the alleged negligent act is 'within the realm of common knowledge and everyday experience.'" [Citation omitted.]

*Daskalea v. District of Columbia*, 227 F.3d 433, 445 (D.C. Cir. 2000).[1]

Moreover, this argument was rejected by the D.C. Court of Appeals in *Morgan v. D.C.*, 449 A.2d 1102 (D.C. App. 1982), wherein it held that expert testimony is not required to establish "standard of care for control and supervision of police officers" because "discipline of police officers . . . is not a matter which laymen are incapable of intelligently evaluating with the assistance of

---

[1]/     The District of Columbia recognizes the tort of negligent supervision as set forth in the Second Restatement of Agency:

> A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if her is negligent or reckless:
>
> (a) in giving improper or ambiguous orders or in failing to make proper regulations; or
>
> (b) in te employment of improper persons or instrumentalities in work involving risk or harm to others;
>
> ( c) in the supervision of the activity; or
>
> (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

*Tarpeh-Doe v. United States*, 307 U.S. App. D.C. 253, 28 F.3d 120, 123 (D.C. Cir.1994)(quoting the Restatement (Second) of Agency § 213 (1957).

expert testimony."

In this case, Brenda Sayles testified in her deposition that she informed Lt. Chase that defendant Lawrence was intoxicated. According to Ms. Sayles, Lt. Chase indicated that he would look into the matter but that he never did anything nor spoke with defendant Lawrence as far as she could tell even though defendant Lawrence had been operating a motor vehicle. Exhibit 2 at 122-125. It does not take any special skill and/or knowledge nor is it beyond the ken of the average layperson to determine that the District of Columbia is liable for negligent supervision in allowing a drunk police officer to continue on duty, to arrest citizens and to operate a motor vehicle on the streets of the District of Columbia. And this is particularly the case when the officer's intoxication is specifically brought to the direct attention of supervisory personnel as was the case here.[2]

### 5. The Suggestion That Plaintiff's Damages Cannot Be Proven Is Absurd

The claims upon which the plaintiff seeks damages are False Arrest (common law), Negligent Supervision, and False Arrest (constitutional violation). Common law false arrest damages are set forth in D.C. Standard Jury Instruction 18.06, which provides as follows:

### Instruction 18.06

If you find that [the plaintiff] was falsely arrested, then [he][she] us entitled to an award of enough money to compensate [him][her] for any physical suffering and mental anguish, including fright, shame, and mortification from the indignity and disgrace, that resulted from the false arrest.

[The plaintiff] is also entitled to recover any reasonable and necessary expenses that [he][she] has proved [he][she] has incurred due to the false arrest, including loss of earnings while arrested or detained, and attorney's fees for services

---

[2]/ The defendants also contend that the plaintiff has failed to establish a 42 U.S.C. § 1983 claim against the District of Columbia. The fact of the matter is that no claim has been asserted by the plaintiff against the District under 42 U.S.C. § 1983. Plaintiff's claim pursuant to 42 U.S.C. § 1983 has been alleged against defendant Lawrence.

>   in securing [his][her] release from the false arrest.
>
>   If [he][she] was falsely arrested, then at a minimum, [the plaintiff] is entitled to an award of nominal damages, that is a minimal sun such as one dollar, even if you find that [her][she suffered no injury or damages.
>
>   You may consider [the plaintiff's] loss of liberty alone as a basis for an award of damages. You may consider the length of time that [the plaintiff] was arrested or detained as a factor in deciding damages.

Inasmuch as plaintiff can clearly testify as to the mental anguish, fright, shame, mortification, indignity and disgrace that he suffered as a result of his arrest, it is unclear what it is that the defendants believe that he cannot prove in this regard.

Similarly, D.C. Standard Jury Instruction 13.01 provides for damages caused by the negligence of others. Specifically, instruction 13.01(3), (4), (6) and (7) would apply to this specific case. Because the plaintiff can testify regarding his emotional distress past and future and the inconvenience he suffered, past and future, it is again not clear what it is that the defendants believe that he cannot prove in terms of damages for the District's negligent supervision of defendant Lawrence.

Lastly, for a constitutional violation, the plaintiff need not show any injury at all and still be entitled to nominal damages. Modern Federal Jury Instruction 87-88 (Sand Siffert). In addition, for a violation of plaintiff's constitutional rights a jury "must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant." *Id*. at 87-87. Thus, it is clear that the mere deprivation of plaintiff's liberty would entitle him to compensatory damages. Once again, it is not clear what it is that the defendants believe that he cannot prove to justify an award for damages for a violation of his constitutional rights.

The defendants' contention that the plaintiff cannot prove any damages makes no sense at all and must be rejected.

**6.     Plaintiff Has A Valid Claim For Punitive Damages**

Defendants contend that plaintiff cannot demonstrate that he is entitled to punitive damages.

The D.C. Court of Appeals has

> repeatedly recognized that a plaintiff's request to submit the issue of punitive damages to the jury is governed by the normal test for a triable issue of fact: Whether there was evidence from which a jury reasonably could find the required malicious intent or willful disregard of another's rights.

King v. Kirlin, 626 A.2d 882, 884 (D.C. 1993). "The requisite state of mind need not (and usually cannot) be proven by direct evidence, but may be inferred from all the facts and circumstances of the case." Robinson v. Sarisky, 535 A.2d 901, 906 (D.C. 1988).

In the case at bar, a jury could determine that defendant Lawrence falsely arrested plaintiff and in doing so violated plaintiff's constitutional rights under 42 U.S.C. § 1983. A reasonable juror, viewing the evidence most favorable to the plaintiff, could easily determine that plaintiff Gray, who acted lawfully at all times and who was attempting to walk away when he was arrested, was at the very least wrongfully arrested and deprived of his liberty. Under such circumstances, the jury could reasonably believe that defendant Lawrence willfully disregarded plaintiff's rights entitling him to punitive damages.

Plaintiff does not have the burden of proving his case at this stage of the proceeding. Rather, plaintiff "need only show that there is sufficient evidence supporting the claimed factual dispute to refer to jury or judge to resolve the parties' differing versions of the truth at trial." *Nader v. Toledano*, 408 A.2d 31, 42 (D.C. App. 1979).

The record as a whole, when viewed in the light most favorable to plaintiff, clearly contains sufficient evidence for a reasonable jury to conclude that the defendants' actions in this case indicated a reckless disregard for the rights of the plaintiff. Clearly, the plaintiff had the right to not be falsely arrested and charged with an offense that he did not commit and because there was absolutely no evidence that plaintiff was engaged in disorderly conduct. It was defendant Lawrence who acted improperly, who appeared to be intoxicated while on duty and who knew at the time that he placed plaintiff under arrest that he had not committed any criminal act or offense. These actions and those set forth herein, clearly show a willful and reckless disregard for plaintiff's rights. Under these circumstances, plaintiff is entitled to present his claim for punitive damages before a jury.

Wherefore for the reasons set forth herein and in the record of this proceeding, there is absolutely no basis for the Court to grant defendants' amended motion for summary judgment and, accordingly, the motion should be summarily denied.

        Respectfully submitted,

        Gregory L. Lattimer [371926]
        1100 H Street, N.W., Suite 920
        Washington, D.C. 20005
        (202) 638-0095
        (202) 638-0091

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JEROME GRAY,** | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. 06-01265 (TFH) |
| | * | |
| **THE DISTRICT OF COLUMBIA, et al.,** | | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
ALLEGED MATERIAL FACTS WHICH ARE IN DISPUTE**

Comes now the plaintiff, by and through counsel, and hereby submits his response to defendants' statement of material facts not in dispute as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. This is not accurate. The plaintiff explained that defendant Lawrence was speaking to a group of people and he was one of the four who were not a police officer. Exhibit 1 at 59-60.

5. Admitted.

6. This statement is not entirely accurate because the plaintiff testified in his deposition that after defendant Lawrence told him to leave the area, when he attempted to do so by walking away, defendant Lawrence "threw me against the jersey barricade, put the handcuffs on me." Exhibit 1 at 67-68.

7. At no place in his deposition does the plaintiff testify as represented by the defendants.

8. Plaintiff admits that defendant Lawrence said what is represented here by the defendants,

however, the plaintiff further testified that he responded to defendant Lawrence by stating "Sir, what investigation." Exhibit 2 at 68.

9. Plaintiff admits that defendant Lawrence made the statement alleged by the defendants. On the other hand, defendant Lawrence also said the following:

He did know what vendors could or could not be sold by the vendors, Exhibit 3 at 26.

10. See 9 above.

11. Admitted. However, defendant Lawrence had no probable cause to conclude that plaintiff had interfered with a non-existent investigation.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. It is admitted that defendant testified that he arrested the plaintiff for disorderly conduct, however, the fact is that plaintiff was never disorderly. Exhibit 1 at 65-68; Exhibit 2 at 113-122.

17. Admitted, although this alleged fact is irrelevant and immaterial.

18. Admitted, although this alleged fact is irrelevant and immaterial.

19. Admitted, although this alleged fact is irrelevant and immaterial.

20. Admitted, although this alleged fact is irrelevant and immaterial.

21. Admitted, although this alleged fact is irrelevant and immaterial.

22. Admitted, although this alleged fact is irrelevant and immaterial.

23. Admitted, although this alleged fact is irrelevant and immaterial.

24. Admitted, although this alleged fact is irrelevant and immaterial.

Respectfully submitted,

Gregory L. Lattimer [371926]
1100 H Street, N.W., Suite 920
Washington, D.C. 20005
(202) 638-0095
(202) 638-0091